IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN SHOTT, | ) | Case No. 11 C 50253 |
| | ) | |
| Plaintiff, | ) | Hon. Frederick J. Kapala |
| | ) | U.S. District Court Judge |
| v. | ) | |
| | ) | |
| RUSH UNIVERSITY MEDICAL CENTER, | ) | Hon. P. Michael Mahoney |
| | ) | U.S. Magistrate Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dr. Shott, has sued Defendant, Rush University Medical Center ("Rush"), and filed a forty-nine page amended complaint that consists of one-hundred and forty-four paragraphs. The underlying facts of this case are sufficiently summarized by the District Court Judge within the two orders entered in regard to Rush's Motions to Dismiss; therefore, the Magistrate respectfully declines to reproduce them here. (*See* Court Order, Dkt. No. 24, 46.)

Presently, Dr. Shott's Count II survives (among others). In it she claims that Rush discriminated against her by creating a hostile work environment in violation of the Americans with Disabilities Act ("ADA"). Her amended complaint includes allegations that Rush has left Dr. Shott's office and classrooms at extreme temperatures, despite being aware of Dr. Shott's temperature-sensitive disability and after numerous requests to make adjustments. The Complaint also alleges that in 2009, shortly after she sent an e-mail to Rush's administration reminding them of her need to teleconference from home, she received eight requests for in-person meetings from several Rush staff and faculty members. These meetings would require her

1

to travel; traveling, according to her complaint, exacerbates her disabilities. Dr. Shott seeks damages for emotional distress under her ADA claims as well.

In the midst of the discovery process, Rush filed a motion to compel and seeks information from Dr. Shott, including the identities of her healthcare providers since January 2005 as they relate to Dr. Shott's disabilities. Rush also requests the release of Dr. Shott's medical and mental-health records associated with those providers.

This court held a hearing on Rush's motion to compel on May 24, 2013, after the parties were allowed to submit memoranda in support of their positions. At the hearing, Dr. Shott stated that she intended to present evidence at trial to show that Rush's conduct caused or worsened her rheumatoid arthritis and pulmonary hypertension, as they relate to her ADA claim. Further, Dr. Shott would place into evidence the existence and extent of her disabilities, at least during the period of time Rush retaliated against her, as alleged in the complaint.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the scope and limits on discovery. Rule 26(b)(1) states that "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonpriviliged matter, that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

In the year 2000, the scope of discovery changed from matters "relevant to the subject matter involved in the pending action" to matters "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir.

2009); *Sallis v. University of Minn.*, 408 F.3d 470, 477-78 (8th Cir. 2005). Therefore, the pleadings now establish what is relevant.

Dr. Shott's condition, both physically and emotionally, is relevant to the complaint. Normally, such material as requested by Rush would be produced in federal litigation without the need of court interference. However, Dr. Shott has raised intense objections to the production of her treating physician's name. Specifically, it is her belief that if the name of her physician is revealed to the Defendant, Rush would pressure her physician to provide inappropriate or harmful treatment to Dr. Shott, or to cease her treatment altogether. It does appear that Dr. Shott's physician may have some affiliation with the Defendant.

Of course, any discovery may be limited by a protective order, if entered by the court pursuant to Rule 26(c). *See* Fed. R. Civ. P. 26(c). In an attempt to alleviate Dr. Shott's fears, the court indicated at the May hearing that it would enter a 26(c) protective order that the name and location of Dr. Shott's treating physician would be made available for "attorneys' eyes only" and that the physician's name and location shall not be produced to the Defendant. Moreover, the name and location of the treating physician would be available only for the purposes of this litigation. The court recommended that this information could be provided either by Dr. Shott signing a waiver and release, or by subpoena to the physician.

The court therefore orders that Dr. Shott must supply the names of her treating physicians from 2005 forward to Defendant's counsel, and then she must also either (1) provide a waiver and release of relevant information or (2) this court will allow the Defendant's counsel to use the subpoena power of the court and it will authorize the issuance of a subpoena to the treating physicians in order to obtain the relevant information to the lawsuit.

At the end of the May 24th hearing, the court indicated to the parties that it would enter a written order so that each party would have a reasonable opportunity to consider taking this matter to the Federal District Court Judge, Hon. Frederick J. Kapala. Nonetheless, Dr. Shott has now filed a motion to dismiss part of her first amended complaint without prejudice, pursuant to Rule 41(a)(2). Certain paragraphs of Dr. Shott's complaint would be dismissed, but Count II would remain intact. The motion to dismiss has been set for presentment before the Magistrate Judge on June 12, 2013. The court consequently stays this order. Therefore, Dr. Shott is not required to comply until she is ordered by the court.

ENTER:

_____

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

**DATE: May 29, 2013**