# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN SHOTT, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 11 CV 50253 |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| RUSH UNIVERSITY MEDICAL CENTER, | ) ) | |
|     Defendant. | ) | |

## ORDER

    It is this Court's Report and Recommendation that defendant Rush University Medical Center's Second Motion to Strike [179] be granted in part and denied in part as detailed below. Any objection to this Report and Recommendation must be filed by November 20, 2014.

## STATEMENT

    Defendant Rush University previously filed a motion for summary judgment. Dkt. 118. Plaintiff Susan Shott responded by relying on documents that Rush contends were never produced during discovery. Rush moved to strike the documents, but then Dr. Shott obtained leave to amend her complaint, mooting both the motion for summary judgment and motion to strike. Dkt. 174.

    Before the Court is Rush's second motion to strike Shott's summary judgment exhibits. Dkt. 179. Although the underlying motion for summary judgment is moot, Rush has leave to refile it and, anticipating that the parties will rely on the same documents, the Court directed Rush to file a second motion to strike.

    In support of the second motion to strike, Rush notes that Dr. Shott produced to it 2,217 pages of documents during the period April 6, 2014 through April 27, 2014, one month after it filed its motion for summary judgment and four months after discovery closed on December 2, 2013. Dr. Shott then used some of those pages of documents as exhibits to her response to the motion for summary judgment. Rush seeks to strike any of the pages that were not previously produced before discovery closed on December 2, 2013. Rush's calculation of the total pages not previously produced vacillates from 214 pages of documents (*see* Dkt. 179 at 2) to 392 pages (*see id.*, Ex. A at 3) to 353 pages (*see* Dkt. 184 at 3). With the apparent withdrawal of Rush's objection to Dr. Shott's 2-page exhibit 30-E which is omitted from Rush's reply brief, the Court calculates the pages of exhibits at issue to be 390.

    Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide to the other party a copy or description "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support

its claims or defenses." Under Rule 37(c)(1), if a party fails to "provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Seventh Circuit has identified the following relevant factors to use when evaluating whether a failure to disclose was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (internal quotation marks and citation omitted). The determination of whether a Rule 26(a) violation is justified or harmless is left to the discretion of the district court. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Dr. Shott does not address whether Rule 26(a) required her to produce the 390 pages at issue. Instead, she argues that any failure to produce the documents before discovery closed was substantially justified or harmless. Rush offers only the general argument that Dr. Shott's tardy production was not substantially justified or harmless because the production "prevented Rush from reviewing, authenticating, investigating, or responding to the documents, or deposing anyone concerning them during discovery and prior to filing its March 13, 2014 MSJ." Motion [179] at 2. Rush admittedly failed to specify the harm posed by each document or respond to Dr. Shott's arguments tailored to each exhibit because it "has no intention of complicating a simple issue with a detailed response." Reply [184] at 2. Instead, in its reply brief Rush contended that "the only issue is which of the 503 documents she produced in April 2014 and then used to oppose Rush's MSJ had been produced before discovery closed." *Id.* at 3. But of course Rush has *over*simplified the issue by ignoring that even tardy disclosures may be used if substantially justified or harmless, essentially placing additional burden on the Court, while not zealously advocating its position. Fed. R. Civ. P. 37(c)(1).

With the relevant factors and the parties' arguments in mind, the Court addresses each of the disputed exhibits submitted by Dr. Shott in turn.

**Shott Exhibit 7**

This exhibit is a one page blank direct deposit form. Dr. Shott contends that it is an official Rush form distributed to employees. Rush does not contest Dr. Shott's representation. Given that the form is an official Rush blank form that it would already have known about and been in its possession, it cannot be a surprise to Rush nor can the Court discern any bad faith or willfulness by Dr. Shott to conceal it. *See Compak Companies, LLC v. Johnson*, No. 03 CV 7427, 2011 WL 1654269, at *17 (N.D. Ill. Apr. 28, 2011) (failure to produce information already in opposing party's possession is harmless). Rush has identified no harm it would suffer if Dr. Shott used this blank Rush form to respond to its motion for summary judgment. Accordingly, the motion to strike exhibit 7 is denied.

**Shott Exhibit 9**

This exhibit consists of two pages from the 2013 Rush Faculty Handbook. Rush does not contest Dr. Shott's representation that the handbook is an official Rush document distributed to

faculty members. For the same reasons the motion to strike exhibit 7 was denied, the motion to strike exhibit 9 is denied.

**Shott Exhibit 10**

This five-page exhibit consists of three parts. Three pages are from Rush's 2001 telephone directory that show Dr. Shott's number was not within the alphabetical listing. Rush does not contest that the directory is an official Rush document, it therefore cannot have been a surprise, and Rush has identified no prejudice. The remaining two pages are two e-mails to Dr. Shott noting that her telephone number was not listed in Rush's telephone directory. Dr. Shott contends that she found the e-mails only after discovery closed. Given that Rush's telephone directory did not provide Dr. Shott's number, e-mails to her reporting the same cannot be a surprise to Rush. Moreover, Rush has identified no prejudice it would suffer if Dr. Shott used the exhibits. Accordingly, the motion to strike exhibit 10 is denied.

**Shott Exhibit 14**

This fourteen-page exhibit consists of two parts, a one-page letter from Dr. Shott to another Rush faculty member agreeing to serve as a statistical consultant for a grant application, followed by the thirteen-page grant application. Dr. Shott contends that she found these documents only after discovery closed. Unlike the exhibits discussed thus far, the letter and grant application are not official Rush documents or merely repeat information in official Rush documents. Although she asserts she could not find the documents before discovery closed, she has not described her efforts to obtain them, when she found them, or how much time elapsed between when she found them and her production. *Townsend v. City of Fort Wayne*, No. 12 CV 371, 2014 WL 2711830, at *10 (N.D. Ind. June 16, 2014) (a failure to disclose is not justified where the party failed its "obligation to diligently pursue its claim and gather any evidence within the discovery period."). Dr. Shott argues that she thought the discovery deadline was only tentative, and as a *pro se* litigant she should have been allowed to continue producing documents beyond the deadline. Response [181] at 11. However, even if her failure to produce before the deadline could be excused based on her *pro se* status, she has nevertheless failed to establish that she diligently continued searching for documents and produced them as soon as possible after the December 2, 2013, deadline, as opposed to waiting until April 6, 2014, to begin producing them in response to the motion for summary judgment.

Dr. Shott argues that Rush can review, authenticate and investigate the information contained in these documents outside the discovery process because the other faculty member is an employee under its control. However, further investigation would require time, which opens the door to delay. On balance, the Court finds in an exercise of its discretion that Dr. Shott's failure to establish diligence along with the risks of prejudice and delay favor exclusion. Accordingly, the motion to strike exhibit 14 is granted.

**Shott Exhibit 16**

This exhibit is the transcript of Dr. Jay Feingold's deposition taken on August 25, 1995, in a 1994 case Dr. Shott filed against Rush, forty-eight pages of which Rush contends Dr. Schott

did not timely produce. Dr. Shott offers multiple reasons why her production was substantially justified and harmless including that (1) she previously produced the portions on which she relied in opposition to the motion for summary judgment, and attached the entire transcript as an exhibit only to comply with an unspecified court rule; (2) the transcript has been in the possession of Rush since 1995; and (3) Rush's attorney told Dr. Shott in an e-mail addressing document production that he had "no interest in receiving documents that relate to your 1994 case," Response [181], Ex. I; and (4) during her deposition Rush's attorney told her he is "not interested [in] anything that anyone is going to say that occurred prior to November 13, 2000," Response [181], Ex. G at 6. Rush does not dispute that Dr. Shott previously produced the portions of the transcript on which she relies, that Rush has possessed the entire transcript since 1995 or that its counsel told Dr. Schott that he wanted no documents from the 1994 case or testimony about events before November 13, 2000. Moreover, the Court notes that according to the transcript, Rush's general counsel was present at Dr. Feingold's deposition. Accordingly, Rush cannot be surprised or harmed by the transcript, and the motion to strike exhibit 16 is denied.

**Shott Exhibit 17**

Next, Rush seeks to strike 125 pages of the transcript of the 1996 deposition of Dr. Sue Leurgans taken in the 1994 lawsuit. Again, Dr. Shott argues that any non-disclosure was substantially justified and harmless because she previously produced the relevant portions, Rush has possessed the entire transcript since 1996, and that Rush's counsel did not want documents from the 1994 case or testimony about events before November 13, 2000. Rush does not contest any of Dr. Shott's assertions and so the motion to strike exhibit 17 is denied.

**Shott Exhibit 21**

This exhibit consists of 16 pages of trial testimony of Dr. Janis Orlowski from February 8, 1999, in the 1994 lawsuit. Rush does not contest that it has possessed this transcript since 1999 or that its counsel did not want documents produced from the 1994 lawsuit or testimony about events before November 13, 2000. Accordingly, the motion to strike exhibit 21 is denied.

**Shott Exhibit 22**

This exhibit consists of 24 pages of designations from the deposition of Dr. Jules Shapiro read on January 27, 1999, at trial in the 1994 lawsuit. Again, Rush does not contest that it has possessed this transcript since 1999 or that its counsel did not want documents produced from the 1994 lawsuit. Accordingly, the motion to strike exhibit 22 is denied.

**Shott Exhibit 30-A**

This exhibit includes the same one-page letter from Dr. Shott to another faculty member that is part of exhibit 14. For the same reasons, the motion to strike PageID #2665 from exhibit 30-A is granted.

**Shott Exhibit 30-B**

This exhibit consists of a one-page letter Dr. Shott wrote to another faculty member. She asserts that she could not find the document before discovery closed, but again has not established diligence attempting to find the document. For the same reasons identified in the Court's discussion of exhibit 14, on balance the factors favor the exclusion of this document. Accordingly, the motion to strike exhibit 30-B is granted.

**Shott Exhibit 30-C**

This exhibit consists of four pages of thank you cards to Dr. Shott from Rush Obstetrics and Gynecology residents. Dr. Shott asserts that she could not find these cards before discovery closed, but again establishes no diligence on her part. For the same reasons identified in the Court's discussion of exhibit 14, on balance the factors favor the exclusion of these documents. Accordingly, the motion to strike exhibit 30-C is granted.

**Shott Exhibit 30-D**

This exhibit consists of 4 pages of favorable reviews from 1990-91 and an award for a book Dr. Shott authored. Dr. Shott contends that these documents relate to the 1994 lawsuit, which Rush does not dispute. The reviews and award were also referenced in multiple documents Rush produced to Dr. Shott, *see, e.g.*, RUSH_0000185, 191, and 376 (attached as Ex. P to Response [181]). Rush has identified no surprise or prejudice from Dr. Shott's use of the exhibit. For all of these reasons, the motion to strike exhibit 30-D is denied.

**Shott Exhibit 30-E**

Although Rush moved to strike this exhibit in its motion, the chart it prepared for its reply brief omits any reference to the exhibit. Moreover, the 2-page exhibit consists of two e-mails between defense counsel and the EEOC, which cannot be a surprise to the defense. The motion to strike exhibit 30-E is denied.

**Shott Exhibit 30-G**

This exhibit is a one-page letter from Dr. Shott to Dr. Sebastian Faro dated June 24, 1998, thanking him for a leadership award. She contends it relates to the 1994 lawsuit, which Rush does not dispute. The motion to strike exhibit 30-G is denied.

**Shott Exhibit 30-I**

This exhibit consists of 15 pages from 1997 and 1998 related to a fellow faculty member that Dr. Shott contends Rush tried to fire. Dr. Shott contends that the documents relate to the 1994 lawsuit, which Rush does not dispute. Accordingly, the motion to strike exhibit 30-I is denied.

**Shott Exhibit 30-J**

This exhibit consists of two pages, one a description of animal research from Rush University's website, and the other Rush's 2007 Annual Report to the Department of Agriculture identifying the type and number of animals used for research. Dr. Shott asserts that both are official Rush documents. Rush does not dispute the assertion. Accordingly, Rush has not established that the exhibit is a surprise or prejudicial, and so the motion to strike exhibit 30-J is denied.

**Shott Exhibit 30-K**

This exhibit is a three-page draft preface to a book being authored by Dr. Shott which, according to her declaration, is offered to show the "new way of organizing and presenting statistics" presented in her "new statistics textbook [that] will be of substantial benefit to Rush." Dkt. 131, Ex. 30 at ¶ 49. She contends that she could not have produced it to Rush before discovery closed because she had not yet written it. Even if relevant, allowing this exhibit would prejudice Rush because it cannot question Dr. Shott about the preface now that discovery is closed. Because Rush had no reason to know of the preface before discovery closed and no opportunity to question Dr. Shott about the preface, the Court finds that on balance the relevant factors favor the exclusion of this exhibit. Accordingly, Rush's motion to strike exhibit 30-K is granted.

**Shott Exhibit 30-L**

This exhibit is a one-page letter dated January 16, 1990, from Dr. James Schoenberger to Dr. Shott congratulating her on the publication of her textbook. Dr. Shott contends the exhibit relates to her 1994 lawsuit, which Rush does not dispute. The motion to strike exhibit 30-L is denied.

**Shott Exhibit 30-M**

This exhibit consists of 5 pages of requests by Dr. Shott to join Rush medical committees. Dr. Shott contends the exhibit relates to her 1994 lawsuit, which Rush does not dispute. The motion to strike exhibit 30-M is denied.

**Shott Exhibit 30-N**

This exhibit is a three-page presentation to the Health Committee of the Arizona State Senate on graduate medical education programs. Dr. Shott contends that her failure to produce this document before the close of discovery was substantially justified or harmless solely because the presentation is publicly available on the Arizona Senate's website. By one count, the number of indexed pages on the internet exceeded 190,000,000 as of November 6, 2014. *See* http://www.worldwidewebsize.com (last visited 11/6/2014). Dr. Shott has cited no authority to support her proposition that litigants are excused from producing documents available somewhere among the 190,000,000 pages publicly available. The case Dr. Shott cited, *Browning v. Colvin*, 766 F.3d 702 (7th Cir. 2014), does not address litigants' obligations to produce

documents under Federal Rule of Civil Procedure 26(a), and does not use publicly-available records to supplement the factual record. Rather, it relies on websites to define medical terms and to support observations like that chimpanzees are capable of sarcasm. *Id.* at 705 (citing http://www.ape-monkey-rescue.org.uk/chimpfacts.html). Dr. Shott also argues that Rush forfeited any argument that she was obligated to produce publicly-available documents by failing to object to her discovery responses where she advised that "[p]ublicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not necessarily be produced." Response [181] at 8. But as noted, Dr. Shott has provided no authority excusing her obligation under Rule 26(a) to describe or produce such documents, regardless of whatever caveat she included in her responses. In the absence of any record that Rush previously possessed the presentation or knew about it, and the resulting likelihood of surprise and prejudice, in an exercise of its discretion the Court finds that, on balance, the relevant factors favor striking the exhibit. Accordingly, Rush motion to strike exhibit 30-N is granted.

**Shott Exhibit 30-P**

This exhibit consists of a 29-page blank application form published by the Residency Review Committee of the Accreditation Council for Graduate Medical Education. Rush does not dispute that its own motion for summary judgment relies on an exhibit that incorporate a portion of the blank application, *see* Dkt. 123-13 at PageID 1742, and has specified no prejudice that Dr. Shott's use of the entire application would cause. The motion to strike exhibit 30-P is denied.

**Shott Exhibit 30-Q**

This exhibit is Rush's five page Mandatory Training Packet. Rush does not dispute that it is an official Rush document. The motion to strike exhibit 30-Q is denied.

**Shott Exhibit 30-R**

This exhibit is a three-page excerpt from the Accreditation Council for Graduate Medical Education's Director Guide to the Common Program Requirements. Dr. Shott relies solely on the fact that the document is publicly available to establish substantial justification or harmlessness. For the same reasons given for exhibit 30-N, Rush's motion to strike exhibit 30-R is granted.

**Shott Exhibit 30-T**

This exhibit includes 3 pages of requirements for an examination given in June 2014 by the American Board of Obstetrics and Gynecology. Dr. Shott contends she could not produce it before discovery closed in December 2013 because it did not exist at the time, but the exhibit itself states that it was issued in Spring 2013. Alternatively, she contends it was publicly available to Rush, but as discussed above, she has provided no authority excusing a litigant's obligation to produce documents if they are publicly available. Accordingly, the motion to strike exhibit 30-T is granted.

**Shott Exhibit 30-U**

This exhibit is a one-page abstract of an article written in 1999 by Dr. Shott with Dr. Elizabeth Carlson. Rush does not dispute that it produced references to the article during discovery and relied on the references in its motion for summary judgment. Dkt. 123-11 at PageID#1696. Because Rush has not established surprise or prejudice, the motion to strike exhibit 30-U is denied.

**Shott Exhibit 30-V**

This 14-page exhibit is identical to exhibit 14 and for the same reasons the motion to strike exhibit 30-V is granted.

**Shott Exhibit 31-H**

This exhibit is a 35 page of *curriculum vitae* and two pages from the website of Dr. Robert Katz, a fellow Rush physician whom Dr. Shott contends no longer collaborates with her out of fear of retaliation by Rush. Dr. Shott contends that Dr. Katz's website is publicly available, and that the *curriculum vitae* was produced to her by Rush on 11/20/2013 as an exhibit from Dr. Katz's deposition. Rush concedes it previously produced Dr. Katz's *curriculum vitae*, but contends it was a different version. Reply [184] at Ex. A at 3. However, Rush identifies no meaningful distinction between the two. As for the pages from Dr. Katz's website, Dr. Shott offers no argument against striking that portion of the exhibit other than that the webpages were publicly available. Accordingly, the motion to strike the 35 page *curriculum vitae* from exhibit 31-H is denied, but the motion to strike pages 36-37 which are from Dr. Katz's website is granted.

**Shott Exhibit 31-J**

This exhibit consists of 10 pages from various official Rush documents or webpages that includes a list of endowed chairs, a Rush news release and a Rush University Medical Center newsletter both quoting Dr. Katz on fibromyalgia, and a list of university donors. Rush does not dispute that these pages are from official Rush documents, or identify any prejudice it would suffer if Dr. Shott used these pages as exhibits in response to its motion for summary judgment. The motion to strike exhibit 31-J is denied.

**Shott Exhibit 31-K**

This exhibit includes 13 pages about Dr. Katz's attorney, Helaine Wachs Heydemann, including pages from Dr. Katz's deposition in this case showing Ms. Heydemann was present, official Rush documents showing that Ms. Heydemann's husband is a physician at Rush, webpages about Ms. Heydemann from her firm's website, and news items from the CHICAGO SUN-TIMES and the STANFORD LAWYER magazine about Ms. Heydemann. Rush does not dispute that pages 1-2 are from a deposition transcript in its possession, that pages 10-13 are official Rush documents, and identifies no prejudice arising from Dr. Shott's use of those documents. Accordingly, the motion to strike those pages of exhibit 31-K is denied. The remainder of the

motion which relies solely on the fact that the documents are publicly available is granted, and pages 3-9 are stricken.

## CONCLUSION

For the reasons stated, it is this Court's Report and Recommendation that Rush's Second Motion to Strike [179] be granted in part and denied in part as follows: the motion to strike exhibits 14, 30-A, 30-B, 30-C, 30-K, 30-N, 30-R, 30-T, 30-V, pages 36-37 of 31-H and pages 3-9 of 31-K should be granted, while the remainder of the motion should be denied. To save confusion and trees, Rush's renewed motion for summary judgment and Dr. Shott's response shall refer to the same exhibits and exhibit numbers previously provided to the Court as courtesy copies except that Dr. Shott may not use the stricken exhibits. The parties should not infer that because various documents were not stricken that they are necessarily relevant to this case and to the motion for summary judgment in particular.

Dated: November 6, 2014    By: _____
                               Iain D. Johnston
                               United States Magistrate Judge