# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Susan Shott, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 11 C 50253 |
| | ) | |
| Rush University Medical Center, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's objections to the magistrate judge's order [186] are overruled. Plaintiff's objections to the magistrate judge's report and recommendation [193] are overruled. The report and recommendation [191] is accepted, defendant's motion to strike [179] is granted in part and denied in part. Plaintiff shall be barred from relying on the documents set out herein.

## STATEMENT

Currently pending before the court are two sets of objections filed by plaintiff, Susan Shott, to orders entered by the magistrate judge. In the first, Shott objects to the magistrate judge's reopening of discovery for the limited purpose of permitting defendant, Shott's employer Rush University Medical Center, to take discovery on Shott's ethnicity, in light of her newly-amended complaint adding a § 1981 race-based-discrimination claim. Shott also objects to a report and recommendation from the magistrate judge recommending that this court bar her from using certain materials she failed to disclose in discovery. For the reasons which follow, both sets of objections are overruled, and the report and recommendation is accepted.

### A. Objection to the Magistrate Judge's September 30, 2014 Discovery Order

On July 30, 2014, this court granted a motion from Shott, styled as a motion to reconsider but interpreted as a motion to amend her complaint, and permitted Shott to file an amended complaint alleging, in addition to the discrimination and retaliation claims already set out based on disability and religion, a § 1981 race-based-discrimination claim. The court did so because Shott represented that she had only recently discovered that her presumption as to her Jewish racial heritage was accurate. The court anticipated, naively perhaps given the tortured history of this litigation, that doing so would cause little additional burden on the parties, as Shott already had a Title VII claim based on her religion, Judaism, and the distinction between the two seemed to be relatively slight on the record the court had seen thus far. Nevertheless, the court provided Rush with the opportunity to request discovery on Shott's racial history, if it deemed it necessary or prudent. Apparently it did, and the magistrate judge allowed Rush to send Shott four interrogatories concerning her racial background, the investigation she performed which apparently led her to

believe she was ethnically Jewish, and the contact information for her biological mother and brother. Rush also asked that Shott produce the documents she relied on in making her determination and were mentioned in her amended complaint. Shott objects to answering any discovery on the matter arguing that Rush long had notice of her claim that she was ethnically Jewish from her original filed complaint and her deposition.

"A district court may only overturn a magistrate's decision if the decision is 'clearly erroneous or is contrary to law.'" Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013) (quoting Fed. R. Civ. P. 72(a)). "In short," the district judge reviews magistrate-judge decisions "for clear error." Domanus v. Lewicki, 742 F.3d 290, 295 (7th Cir. 2014). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

Here, the court is convinced that the magistrate judge made no error at all, and thus is not left with a definite and firm conviction that a mistake has been made. The court concurs that, at least by the time of Shott's deposition,[1] she had provided Rush notice that she believed she was ethnically Jewish because of her biological grandmother and subsequent investigation. Notice, however, is irrelevant to the issue at hand. The issue is whether Rush was dilatory in seeking discovery on her ethnicity prior to the close of discovery and thus should be so clearly barred from seeking it now that by allowing otherwise the magistrate judge clearly erred. Prior to the second amended complaint, filed after the close of discovery, there was no question of Shott's ethnicity in the case, as there was no racially-based § 1981 claim. Discovery is limited to requesting information that would be admissible at trial or could reasonably be calculated to lead to evidence which would be admissible at trial. See Fed. R. Civ. P. 26(b)(1); see id. advisory committee's 2000 note (noting that the Rule signals to the court that it should "confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to develop new claims or defenses that are not already identified in the pleadings."). Since there was no race-based claim during the time of discovery, Rush had no right to request discovery as to Shott's, at that time, irrelevant ethnicity. Simply put, Shott only made her ethnicity relevant for the purposes of discovery after the close of discovery and the magistrate's decision to permit Rush to seek information as to that new claim was not clearly erroneous. Accordingly, the objection is overruled.

**B. The Magistrate Judge's November 6, 2014 Report and Recommendation and**

**Shott's Objection Thereto**

On March 13, 2014, after the close of discovery, Rush filed for summary judgment against each of Shott's then-existing claims. After Shott filed her response, Rush filed a motion to strike asserting that several hundred pages of documents referenced in and attached to Shott's response were never turned over to Rush in discovery. That motion, along with the summary judgment motion, was subsequently mooted when this court permitted Shott to amend her complaint to add

---

[1] The original complaint also had a § 1981 claim, but it was based on Shott's mistaken belief that her adult conversion to Orthodox Judaism made her racially Jewish for the purposes of § 1981. That claim was dismissed based on a pre-answer, pre-discovery motion.

2

the above-referenced § 1981 race-based discrimination claim. However, the court permitted that Rush could refile the motion to strike as a motion for sanctions under Rule 26 to bar the use of the documents not disclosed during discovery. Rush took the court up on that invitation (although, strangely enough, still entitled the motion a motion to strike despite the fact that there was nothing on the record to strike), and moved that this court bar her use of those documents in opposing its anticipated motion for summary judgment.

After thoroughly reviewing the motion, its hundreds of pages of attachments, and Shott's response, which also had hundreds of pages of exhibits, the magistrate judge identified 390 pages of documents which were apparently in contention. The magistrate judge recommends denying the motion as to the bulk of those documents, identifying only a relatively small sub-set of documents which were, in the magistrate's view, violative of Rule 26 and thus subject to a bar. That sub-set is addressed in sections 1 and 2 below. Rush has not objected to the magistrate judge's recommendation to deny those portions he felt did not violate the discovery rules, and the court having reviewed the record and the magistrate judge's reasons for recommending denial, concurs with the magistrate judge and accepts the unopposed recommendation at least insofar as it denies Rush's motion. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). However, Shott has objected to the parts of the magistrate judge's order recommending that this court grant Rush relief. This court reviews the objected-to portions of the magistrate judge's report and recommendation de novo. See 28 U.S.C. § 636(b)(1).

### 1. The Public Documents

The magistrate judge first recommends barring Shott from using exhibits 30-N, 30-R, 30-T, 31-H, and 31-K[2] in responding to Rush's anticipated motion for summary judgment. The magistrate made that recommendation because Shott admittedly did not provide those documents during discovery, and her only excuses for having failed to do so is that they are "public documents" available to both parties and that she apparently provided language in her discovery responses to the effect that she was not going to provide public documents.

Rule 26 provides an obligation for a party to turn over a copy, or a description by category and location, of all documents or things that will be used to support its claims or defenses without the need for a discovery request. Even if Shott did not have the "public documents" under her control at the time of the Rule 26 initial disclosure, Rule 26 also requires ongoing supplementation of the Rule 26 disclosures if, at some point, it turns out the initial disclosure was incomplete. Clearly, sometime prior to her use of those documents in her response to summary judgment, a copy of each document came under her control, yet she failed to disclose them under Rule 26.

Moreover, contrary to Shott's argument, there is no exception to the Rule 26 obligations for public documents or a broad exemption for documents otherwise available to both parties. The case on which Shott primarily relies, American Bank v. City of Menasha, 627 F.3d 261 (7th Cir. 2010), does not interpret Rule 26, its disclosure obligations, or the bar on use that accompanies a failure to

---

[2]For ease of identification, the parties and the magistrate discussed each document by reference to its exhibit number in the now-moot motion for summary judgment and the responses thereto. In order to maintain the same ease of reference, the court does likewise.

disclose under Rule 26.³ The courts in this circuit have rejected the contention that, merely because a document exists in the public arena, it is not subject to disclosure under Rule 26.⁴ See, e.g., Civix-DDI, LLC v. Hotels.com, L.P., No. 05 C 06869, 2011 WL 181342, at *3 (N.D. Ill. Jan. 19, 2011). This comports with the general purpose of Rule 26, which "is to allow parties to adequately prepare their cases for trial and to avoid unfair surprise." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014); see also Gicla v. United States, 572 F.3d 407, 411 (7th Cir. 2009) ("Rule 26 is designed to avoid surprise . . . ."). That purpose would be frustrated if a party could simply fail to disclose its intention to rely on countless documents which are in the public arena.

Accordingly, the magistrate judge correctly concluded that Shott has violated Rule 26's disclosure requirements. Rule 37 sets out that the default sanction for a violation of Rule 26's disclosure requirements should be the one recommended by the magistrate here: a bar in the use of the undisclosed evidence going forward. See Fed. R. Civ. P. 37(c)(1). There is an exception to that sanction, however, where the failure to disclose was "substantially justified or [wa]s harmless." Id. Although Rush did state without elaboration that it suffered prejudice, Shott faults Rush for failing to set out any specific instances of prejudice. Shott also argues that the magistrate judge noted that Rush "admittedly failed to specify the harm posed by each document [and offered] only the general argument that Dr. Shott's tardy production was not substantially justified or harmless" but erroneously ruled based on his own rationale that her production was not substantially justified or harmless.⁵ Shott's argument mischaracterizes the relevant burden, however, as it is Shott who must

---

³ Shott cites American Bank for the proposition that her investigation which yielded the public documents was not "discovery" as defined by that opinion in the context of discussing whether a stay on discovery also included a stay of investigation. 627 F.3d at 264. It is undoubtedly true that her investigation was not "discovery" as defined by American Bank, but that is irrelevant to the question of disclosures under Rule 26. Rule 26 does not speak of disclosing only documents gained by "discovery," it places an obligation to disclose the existence of "all documents" on which a party intends to rely. The method of acquiring those documents is not mentioned in Rule 26 at all. Indeed, one can safely presume that virtually all Rule 26 document initial disclosures will be documents discovered by investigation or record keeping, because discovery has yet to commence at the time of the Rule 26 disclosures.

⁴In her reply brief, Shott also argues that courts routinely cite to materials outside of the record in the public domain in their opinions. However, none of the cases she cited has anything cited which was noted to be from outside the record, except at least two instances of taking judicial notice, which is a separate issue altogether not relevant to the instant case. Instead, it appears she presumes that simply because the court included a URL citation to a website, it must be functioning outside of the record, which is an untenable assumption. Rule 26 requires only that a party identify a document and provide its location, which for a document on the internet is its URL. The fact that a court may have followed the URL to the document and relied on it is not outside of the record, and the fact that the court may have provided a URL for a hard copy document it was given in the record is likewise not going outside of the record. None of the cited cases address the responsibility of a party to identify the documents on which it intends to rely in compliance with Rule 26. In any event, those cases do nothing to inform the issue currently before the court.

⁵Shott also argues, at some length, that statements from the magistrate judge which indicated that he wants to wrap the case up rapidly show a bias towards Rush. As her argument goes, the case still needs to go through summary judgment and then to trial, which will be a lengthy process, so any determination to rapidly end the case could only occur through a judgment for Rush. First, this tangent has nothing to do with Shott's Rule 26 violations, and thus is both misplaced and unseemly. Second, it is clear from the context that the magistrate judge is simply expressing his displeasure, shared strongly by this court, for the ongoing tortured nature of this litigation, not the merits of Shott's claims. The magistrate judge has a duty to keep cases on the docket moving, and despite the parties' best efforts to

4

convince the court that her violation was substantially justified or harmless, Rush has no burden to show prejudice. See Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011) ("The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction."); Sloan Valve Co. v. Zurn Indus., Inc., No. 10-cv-00204, 2013 WL 4506127, at *5 (N.D. Ill. Aug. 23, 2013).

At no point during her deposition or otherwise during discovery did Shott specify the public documents, which were supposedly available to Rush had it known where to look. Indeed, Shott makes no argument at all, other than suggesting it was Rush's burden, that her violation was substantially justified or harmless and the court can see none to make on her behalf. Shott waited until discovery was closed and summary judgment was filed before bringing these documents to light. Presuming that Shott simply misunderstood her obligations, a mistake of law is not a substantial justification. See Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir. 2004) ("A misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline."). Robbing Rush of its ability to use discovery mechanisms in order to issue third-party subpoenas or investigate these documents further prior to its filing of summary judgment is enough, by itself, to show that the violation was not harmless.

That leaves only one remaining issue, the caveat which Shott attached to her discovery responses. That caveat, included with her discovery responses (but not apparently with her initial disclosures), states that "[p]ublicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not necessarily be produced."[6] After responding to discovery requests with this language, Shott asserts that Rush never objected to that language, and has thus waived any objection going forward to her failure to produce the above-referenced documents. Indeed, Shott states that even a "first-year law student understands" such a basic principle of law, implying that both a United States Magistrate Judge and opposing counsel need more legal training. Entirely aside from her representations concerning the legal competency of the magistrate and opposing counsel, Shott is mistaken on a number of grounds.

First, Rule 26 has a specific mechanism for waiving its obligations by "stipulation," and an unagreed-to caveat in response to an unrelated discovery request does not qualify as a stipulation as to the Rule 26 obligations. See Fed. R. Civ. P. 26(a)(1)(A); Holliday v. WSIE 88.7 FM Radio Station, No. 04-237-MJR, 2007 WL 1594986, at *1-2 (S.D. Ill. June 1, 2007) ("Plaintiff argues that Rule 26(a) initial disclosures were not required in this case because the parties 'stipulated' by their

---

prevent or frustrate that duty, he is continuing to do just that. Third, even if the magistrate judge has some bias against Shott or her claims, he is unable to enter judgment against her without her consent. Indeed, any order from the magistrate judge can be objected to with this court, as Shott is well aware, and so he cannot do anything to her without immediate review available from this court. So, although there is no basis for Shott's claim of bias, even if it existed, it would be irrelevant.

[6]The court notes, in addition to the problems outlined infra, the word "produced" is itself ambiguous. Produced could mean, as the context and Shott suggest here, that she did not intend to produce it during discovery. But produced could also mean that she did not intend to produce it at all, including at trial or in motion practice. Although the court will analyze the caveat with Shott's intended meaning in mind, the ambiguity itself could explain Rush's failure to object to the statement.

actions that such disclosures were not required. That argument is not persuasive, to put it mildly. A stipulation is an affirmative agreement between the parties. Plaintiff does not contend that there is an affirmative agreement here."). Second, even if the caveat could somehow apply to the Rule 26 disclosures, it is insufficient to function as a waiver. Shott cites to a handful of cases wherein parties failed to object to deposition testimony (or the manner in which the deposition was called) or other specific discovery evidence until well after the discovery period and were held to have waived any such objection. In this case, however, Rush did not have any specific evidence or procedure for receiving evidence to which it could object. Instead, Shott's caveat is nothing more than a bold declaration that she might have, but did not necessarily, withhold unmentioned things that might have been discoverable under the Federal Rules of Civil Procedure and the pertinent discovery request. It is not clear what Rush could have objected to or sought to compel, without knowledge of what Shott had allegedly withheld. As soon as Rush found out that Shott had, in fact, withheld some documents under her unrelated unilateral declaration that the Federal Rules of Civil Procedure do not apply to her, it quickly moved to strike those documents. That is hardly a basis for valid waiver.

In short, Shott's caveat is nothing more than an attempt to reserve to herself the right to litigate by surprise (that is, to litigate based on substantive evidence she never turned over to the other party) so long as that evidence existed someplace in the single largest repository of knowledge in human history: the internet. The primary purpose of the discovery rules in the Federal Rules of Civil Procedure is to avoid litigation by surprise. See Hickman v. Taylor, 329 U.S. 495, 500-01 (1947) ("The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. . . . Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." (footnotes omitted)); Tyson v. Trigg, 50 F.3d 436, 445 (7th Cir. 1995) (noting that the "central aim" of "rules regulating discovery" is to "minimize surprise at trial"); Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1063 (2d Cir. 1979) ("The Federal Rules of Civil Procedure carried the discovery principles of Equity into the nation's courts of law in the hope of expediting the litigation process and of transforming the sporting trial-by-surprise into a more reasoned search for truth."). The court is not inclined to permit that goal to be frustrated by an unagreed-to, unrelated caveat without any basis in law or practice.

For the foregoing reasons, the magistrate's recommendation is accepted and the court grants defendant's motion as to the documents labeled as exhibits 30-N, 30-R, 30-T, 31-H, and 31-K. Shott is barred from using those materials under Rule 37.

## 2. The Other Documents

The magistrate judge also recommends barring Shott from using exhibits 14, 30-A, 30-B, 30-C, 30-K, and 30-V (exhibits 14, 30-A, and 30-V are all the same, or parts of the same, material).

6

Those exhibits are, with the notable exception of 30-K, primarily various correspondence between Shott and members of Rush faculty. Exhibit 30-K is the preface to an unpublished statistical textbook which shows a new way of organizing statistics which Shott asserts will be of value to Rush once she completes it and it is published. The magistrate judge recommends barring the correspondence because, although Shott claims she did not locate the materials until after the close of discovery, Shott provided no evidence that she diligently searched for or turned over the documents once found, rather than waiting until her response for summary judgment. As to the preface, the magistrate judge recommends barring it, although Shott asserts she could not turn it over during discovery because it was not written at the time discovery closed. Shott does not argue that her failure to timely disclose those documents did not violate her obligations under Rule 26, instead she focuses on the magistrate's determination that the exception in Rule 37 did not apply, that is, the violation was not substantially justified or harmless.

As the magistrate correctly noted, the Seventh Circuit has set out several factors to consider in making the relevant determination:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

Tribble v. Evangelides, 670 F.3d 753, 760 (7th Cir. 2012) (quotation marks omitted). Despite Shott's protestations otherwise, Rush suffered surprise and prejudice from her non-disclosure, and would continue to do so going forward, meaning that both of the first two factors weigh in favor of a finding that her failure to disclose was not harmless. It is worth noting that all of Shott's arguments presume that she disclosed the evidence, just did so late. That is not accurate. Shott never disclosed the evidence pursuant to Rule 26, she instead used it to respond to summary judgment long after the close of discovery and has still not explained when she found that evidence or why she failed to disclose it (even if she found the evidence after discovery closed) prior to its use. This point is critical, if she had provided it to Rush before it began to work on its summary judgment motion, it could have moved to reopen discovery or otherwise responded to the late disclosure and avoided the large costs of creating a summary judgment motion that was then blind-sided by unknown evidence. But she did not, she waited until after Rush had expended those sums and responded to the motion for summary judgment with evidence never before identified to Rush.

As to disruption, even now with that motion for summary judgment struck, the court would have to reopen discovery to permit Rush to discuss the correspondence and her textbook preface with Shott in order to cure the prejudice caused by Shott's failure to disclose. Shott rightly points out that Rush could discuss at least the correspondence with its other employees outside the confines of the discovery system, but that hardly provides Rush with all it needs to know concerning the evidence, much of which was drafted by Shott. Thus, the third prong weighs in favor of finding that the disclosure was not harmless or otherwise substantially justified.

That leaves only the last prong, the bad faith or willfulness of the violation. There is certainly some evidence of willfulness here, for instance Shott's ongoing evasiveness concerning when she discovered or authored the evidence she failed to disclose. But the court is also mindful of the fact

that, outside the relatively small universe of these specific documents, Shott has been very diligent in providing (often voluminous) responses to discovery requests by defendant. The documents in contention in this order make up only a tiny fraction, less than 1% based on the parties' representations, of all discovery propounded in this litigation. Additionally, although this evidence, as noted by Shott, would be helpful to her case, none of it is particularly strong as to the overarching issue of discrimination, thus making it less likely that she would willfully hide it. Balanced together, the court is not persuaded that Shott's violation was willful, and thus this prong weighs in favor of finding that the failure to disclose was harmless.

Weighing those factors together, however, the court agrees with the magistrate that the violation of Rule 26 as to the remaining documents was not harmless or otherwise justified. Thus, the court accepts the magistrate's recommendation and grants defendant's motion as to the documents labeled as exhibits 14, 30-A, 30-B, 30-C, 30-K, and 30-V. Shott is barred from using those materials under Rule 37.

Date: 1/7/2015

ENTER:

_____

FREDERICK J. KAPALA

District Judge